70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter C. McCLENNAN, et al., Plaintiffs-Appellants,
v.
CSANK & CSANK CO., LPA, et al., Defendants-Appellees.
 No. 94-3721.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1995.
 
 Before: MARTIN and NORRIS, Circuit Judges, and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Walter C. McClennan appeals the district court's dismissal of his civil RICO suit involving thirty-three original defendants, twenty-one of whom are appellees here. The district court dismissed McClennan's claims as to several defendants for failure to state a claim under Civil Rule 12(b)(6), awarded summary judgment in favor of several other defendants, and dismissed for lack of personal jurisdiction McClennan's claims against the rest of the defendants involved in the instant appeal. McClennan challenges each of the district court's rulings in dismissing his claims. Because we agree with the reasoning and conclusions of the district court, we AFFIRM.
 
 
 2
 In 1978, McClennan purchased several parcels of property in Telluride, Colorado, intending to develop a ski resort. Between 1978 and 1981, McClennan approached defendants Columbia Savings & Loan, a Colorado institution, and Broadview Savings & Loan, an Ohio institution, for refinancing and a seed money loan to begin development of the ski resort. On February 2, 1992, Columbia became the "lead lender" in an Acquisition and Loan Participation Agreement for a $995,000 loan to McClennan, under which Broadview purchased a sixty percent interest in the Columbia loan. To secure the loan--and to induce Broadview's participation in the agreement--McClennan offered his Colorado property to Columbia and his partnership interest in the ski resort project to Broadview as collateral. McClennan subsequently defaulted on the loan. Columbia and Broadview foreclosed on the collateralized properties and sold them in order to recoup their losses.
 
 
 3
 On December 29, 1989, McClennan, an Ohio resident, filed suit in federal court in the Northern District of Ohio, asserting, in part, a civil RICO claim, the only claim at issue in this appeal. McClennan contends that, through the execution of the loan agreement, Broadview, Columbia, and their respective Boards of Directors, employees, and agents (including lawyers, law firms, and an accounting firm), acted jointly in a scheme to defraud him in order to appropriate the Telluride properties in violation of the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. Secs. 1961-68. McClennan's allegations amount to a claim that these defendants made false promises that Broadview would fund the entire ski resort project, thereby inducing him to borrow the $995,000. McClennan also asserts that the value of the property he was forced to put up as collateral is nearly twenty-five million dollars and that Broadview fraudulently over-collateralized the loan in order to obtain control of his properties.
 
 
 4
 The district court dismissed McClennan's claims against all of the defendants on one of two grounds. The court held that McClennan failed to allege two predicate acts and further failed to show the existence of a scheme or schemes to defraud as to several defendants. The court then dismissed McClennan's claims against the rest of the defendants for lack of personal jurisdiction, holding that the defendants who were residents of Colorado did not have "minimum contacts" with Ohio to satisfy Due Process requirements.
 
 
 5
 RICO imposes civil liability on those who engage in "prohibited activities" as defined by 18 U.S.C. Sec. 1962. Liability is imposed on those who acquire or maintain an interest in or control over an enterprise "through a pattern of racketeering activity." A "pattern of racketeering activity" requires a showing of at least two predicate acts, each which would be indictable under various state and federal statutes. See 18 U.S.C. Secs. 1961(1), 1965(5). Also, because McClennan relies on alleged violations of federal mail and wire fraud statutes as the predicate acts for his RICO claim, he was also required to allege facts establishing a "scheme to defraud," as required by those statutes. See 18 U.S.C. Secs. 1341, 1343.
 
 
 6
 We agree with the district court that McClennan has failed to allege specific facts which would establish his civil RICO claim against each of the following defendants, and therefore we adopt the reasoning of the district court. J.A. at 1693-98, 1707 (Opinion and Order dismissing Deloitte & Touche, Richard M. Donaldson, John C. Cotton, Walter R. Tarbert, R. Bud Werner; William L. Ford, Fred L. Tabacchi and William N. West); J.A. at 1755-64 (Opinion and Orders dismissing Broadview Service Corporation, Resolution Trust Corporation as Receiver for Broadview Savings Bank, and Resolution Trust Corporation); J.A. at 1847-64 (Opinion and Orders dismissing John E. Rupert and William Heideloff); J.A. at 1865-79 (Opinion and Order dismissing Paul Csank, and his law firms Csank, Csank & Coaxum, Co. LPA; Csank, Csank & Weiner Co., L.P.A.).
 
 
 7
 The district court also dismissed McClennan's claims for lack of personal jurisdiction as to the Colorado defendants. In order for a federal district court to obtain jurisdiction over a non-resident party, Due Process requires that a defendant must have "minimum contacts" within the district court's forum state. See International Shoe v. Washington, 326 U.S. 310, 316 (1945). The Colorado defendants argued that they did not have the requisite minimum contacts with Ohio for personal jurisdiction. The district court found that McClennan had not alleged contacts substantial enough to make jurisdiction reasonable. J.A. at 1705. This Circuit has interpreted "minimum contacts" to require: 1) that the defendant "purposefully avails" himself of the privilege of acting in the forum state; 2) that the cause of action arise from the defendant's activities in the forum state; and 3) that the activities of the defendant must be substantial enough in the forum state to make the exercise of jurisdiction reasonable. Reynolds v. International Amateur Athletic Federation, 23 F.3d 1110, 1116 (6th Cir.) (citations omitted), cert. denied, 115 S.Ct. 423 (1994).
 
 
 8
 We agree with the district court that the Colorado defendants did not have minimum contacts in Ohio and adopt the reasoning of the district court. J.A. at 1699-1705 (Opinion and Order dismissing Columbia Savings & Loan, Douglas Tisdale, the law firm Brownstein, Hyatt, Farber & Madden, and Charles A. Hillestad, all residents or businesses of Colorado). Also, we agree with the district court that it did not have either diversity or federal question jurisdiction over Arthur Feldman, an Ohio resident. J.A. at 1692 (Order).
 
 
 9
 Accordingly, the orders of the district court dismissing McClennan's claims are AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation